UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN C. KERZETSKI On behalf of W.K., Plaintiff, v. JEREMY BEAN, et. al, Defendants. | Case No. 2:25-cv-01733-MMD-NJK<br>ORDER |

## I. SUMMARY

Brian C. Kerzetski, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), seeks to bring this case pro se on behalf of his minor son, W.K. Kerzetski ("W.K."), submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint") and an application to proceed *in forma pauperis* ("IFP") with his own financial information. (ECF Nos. 1-1, 1.) Kerzetski also filed a motion to be appointed W.K.'s guardian ad litem and a motion for appointment of counsel. (ECF Nos. 1-2, 4.) The Court will first address the application to proceed IFP, then will consider Kerzetski's motions, and finally will screen the Complaint under 28 U.S.C. § 1915.

## II. APPLICATION TO PROCEED IFP

Under 28 U.S.C. § 1915(a), a party seeking to proceed IFP must submit an affidavit declaring that "the person is unable to pay" court costs. In addition, "where leave to proceed *in forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation." *Christopher v. Clark Cnty.*, Case No. 2:25-CV-01500-RFB-DJA, 2025 WL 2840430, at *1 (D. Nev. Oct. 7, 2025).

Kerzetski has filed information regarding his own finances, but he has not filed information about the financial resources of W.K. Therefore, the application to proceed IFP (ECF No. 1) is denied without prejudice. The Court will give Kerzetski 90 days to file an application to proceed IFP with W.K.'s financial information.

## III. KERZETSKI'S MOTIONS

### A. Appointment as Guardian ad Litem

Kerzetski has filed a petition to be appointed W.K.'s guardian ad litem. (ECF No. 1-2.) It appears that he is requesting to be appointed as a guardian ad litem for the purpose of qualifying to bring this case on W.K.'s behalf under the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 17(c)(1) provides that various representatives, including a "general guardian," may bring a lawsuit on a minor's behalf. Under Fed. R. Civ. P. 17(c)(2), a minor "who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."

Kerzetski does not provide any information in either the Complaint or in his motion to be appointed W.K.'s guardian ad litem about W.K.'s current caretaker or whether W.K. or W.K.'s current caretaker are even aware of this litigation, much less whether they support this litigation.[1] In the Complaint, Kerzetski states that he is W.K.'s father, that he loves W.K., and that he is seeking to parent him as best as he can from prison. (ECF No. 1-1 at 4.) However, he does not provide any information about his current involvement in decisions about W.K.'s life or the current custody arrangement, for example whether he still has legal custody of W.K. Because the petition lacks this information, the Court denies the petition without prejudice.[2]

---

[1]Kerzetski states that he became W.K.'s sole caretaker when W.K.'s mother had a stroke shortly after W.K.'s birth. (ECF No. 1-2 at 2.) He also states that several years ago, W.K. told his mother he wanted to visit Kerzetski in prison for his tenth birthday. (ECF No. 1-1 at 4-5.) Thus, it appears that W.K.'s mother is alive, but it is not clear whether she is currently his caretaker.

[2]The Court notes that Kerzetski only requests to be appointed as a guardian ad *(fn. cont…)*

Before the Court will consider allowing Kerzetski to proceed with this case on W.K.'s behalf, the Court needs to know W.K.'s current custodial situation and what Kerzetski's current custodial rights are. The Court also needs to hold a hearing and hear directly from both W.K. and W.K.'s current caretaker to understand their thoughts about this litigation. *C.f. United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998) (finding that a father did not have standing and was not a proper representative where mother had custody of the child and father was not a custodial parent or legal guardian); *Paz v. Arizona*, No. CV-14-02377-TUC-BPV, 2017 WL 11630876, at *1-2 (D. Ariz. Aug. 16, 2017) (concluding that where mother had sole legal custody of a child, the father could not sue on the child's behalf, even if the mother declined to pursue claims on the child's behalf herself). But the Court will not schedule such a hearing until Kerzetski provides more details about his current parental rights, why he initiated this case instead of W.K.'s current caretaker, and the feelings of both W.K. and W.K.'s current caretaker regarding this case and Kerzetski pursuing litigation on W.K.'s behalf. The Court will give Kerzetski 90 days to file an updated petition providing this information.

The Court will not consider the substance of Kerzetski's motion at this time, but the Court notes that even if W.K. and W.K.'s caretaker both support Kerzetski pursuing this litigation on W.K.'s behalf, Kerzetski may not be an appropriate representative. Kerzetski is incarcerated, and he has a very limited ability to communicate with W.K., which is the basis of this suit. As such, it is not clear how much Kerzetski could communicate with W.K. or W.K.'s current caretaker about W.K.'s desires and needs or the litigation.

Moreover, Kerzetski has his own lawsuit based on these same issues,[3] as well as several other lawsuits against NDOC officials. This raises a question about whether there

---

litem, as opposed to proceeding on W.K.'s behalf as a next friend. Because of the lack of detail in Kerzetski's filings, the Court cannot analyze whether either status is appropriate.

[3]*See* Case No. 2:24-cv-01577-APG-DJA. The Court also notes that Kerzetski has filed a motion in that case requesting to file a fourth amended complaint adding W.K.'s claims to that case. The Court further notes that W.K.'s claims cannot proceed in two cases at once, so if Kerzetski's is allowed to join W.K.'s claims in that case, he will not be allowed to continue with those same claims in the present case.

is any potential conflict of interest between Kerzetski and W.K. In his request for relief in this case, Kerzetski requests a variety of relief on W.K.'s behalf, including that NDOC officials facilitate W.K.'s ability to visit Kerzetski in prison. Kerzetski also requests that NDOC officials grant him weekend furloughs to go visit W.K. out of prison. Because these requests for relief directly benefit Kerzetski, there is a possibility that he could be motivated to accept a settlement based on how it affects him rather than on how it affects W.K. The Court is not suggesting that Kerzetski would deliberately take action to undermine what is in W.K.'s best interests, but there is a possibility for unrealized bias to affect his decision making.

**B. Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. To obtain appointment of counsel under 28 U.S.C. § 1915(e)(1), a plaintiff must be proceeding IFP and lack the financial resources to retain counsel.

As previously discussed, Kerzetski has not submitted financial information about W.K. and thus has not established that W.K. is entitled to IFP status, which is a prerequisite for appointment of counsel. Moreover, Kerzetski has made no representation that he has made any efforts to obtain counsel or that a lack of financial resources has prevented him from retaining counsel for W.K. Accordingly, the Court denies the motion for appointment of counsel without prejudice.

///

///

///

## IV. SCREENING STANDARD

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed. R. Civ. P. 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), courts apply the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a

plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**IV. SCREENING OF COMPLAINT**

The Complaint cannot move forward at this time for multiple reasons. As discussed *supra* Sections II, III(A). Kerzetski has not established that W.K. is entitled to IFP status, nor has he established that he is an appropriate representative to bring this case on W.K.'s behalf. However, beyond those issues, even if Kerzetski was qualified to bring this case on W.K.'s behalf, neither a parent nor a guardian ad litem may bring a case on behalf of a minor child without an attorney. *See, e.g., Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (affirming dismissal of a father's action on behalf of a minor child for failing to secure legal counsel under Rule 17(c) and holding "that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").

Thus, even if Kerzetski files W.K.'s financial information, the Court grants the request to proceed IFP, and the Court agrees with Kerzetski's request to pursue this litigation on W.K.'s behalf, Kerzetski still cannot proceed with this case on W.K.'s behalf unless he is represented by counsel. As discussed *supra* Section III(B), Kerzetski has not secured counsel for this case.

For these reasons, Kerzetski cannot proceed with this case at this time. The Court will not dismiss the Complaint at this time. Rather, the Court will give Kerzetski 90 days to accomplish the following: 1) file a complete application to proceed IFP by a non-prisoner including all of W.K.'s financial information; 2) file an updated petition for appointment as guardian at litem that provides the information discussed *supra* Section (II)(B); and 3) either secure counsel or file an updated petition for appointment of counsel the provides more information about his efforts to secure counsel, any problems posed

by W.K.'s financial resources, and any additional factors that he believes support exceptional circumstances warranting appointment of counsel in this case. If Kerzetski fails to accomplish all three of those things within 90 days, this case will be subject to dismissal without further warning.

**V. CONCLUSION**

It is therefore ordered that the application to proceed IFP (ECF No. 1) is denied without prejudice.

It is further ordered that Kerzetski's motion to be appointed as W.K.'s guardian ad litem (ECF No. 1-2) is denied without prejudice.

It is further ordered that Kerzetski's motion for appointment of counsel (ECF No. 4) is denied without prejudice.

It is further ordered that within 90 days of the date of entry of this Order, Kerzetski must: 1) file a complete application to proceed IFP by a non-prisoner including all of W.K.'s financial information; 2) file an updated petition for appointment as guardian ad litem, or a request to proceed as a next of friend, that provides the information discussed *supra* Section (II)(B); and 3) either secure counsel or file an updated petition for appointment of counsel the provides more information about his efforts to secure counsel and any additional information that he believes support appointment of counsel in this case.

It is further ordered that if Kerzetski fails to timely comply with this Order, this case will be subject to dismissal without prejudice.

DATED THIS 10th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE